458 A.2d 242

**WHITE CROSS STORES, INC. # 14, Appellant,**

**v.**

**HARTFORD INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 17, 1982.

Filed March 31, 1983.

74

Herman C. Kimpel, Pittsburgh, for appellant.
Robert E. Wayman, Pittsburgh, for appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

SPAETH, Judge:

This is an appeal from a judgment entered following an order denying appellant's motions for judgment n.o.v. and for a new trial. Appellant argues, *inter alia*, that the lower court erred in conditioning appellant's right to collect

insurance proceeds from appellee on appellee's receipt of notice from the insured that appellant was a designated vendor. We reverse and remand for a new trial.

Becton, Dickinson and Co. manufactures disposable syringes. Between December 1, 1970, and December 1, 1971, Becton was insured by appellee, Hartford Insurance Company. The insurance policy contained the following provision:

It is agreed that the 'Persons Insured' provision is amended to include any person or organization (herein referred to as 'Vendor') as an Insured but only with respect to the distribution or sale in the regular course of the Vendor's business of the Named Insured's products . . . .

\* \* \* \* \* \*

IT IS UNDERSTOOD AND AGREED THAT SUCH COVERAGE AS IS AFFORDED UNDER THIS ENDORSEMENT SHALL BE AT THE DESIGNATION OF THE NAMED INSURED.

On February 11, 1981, Becton forwarded a letter to appellant, White Cross Stores, Inc., under the caption "Product Liability Certification." The letter stated, "Enclosed is our Certificate No. 105 which replaces our previously issued Certificate No. 56 due to a change of insurer." The enclosed certificate stated:

Becton, Dickinson and Company, et al, hereby certifies to: White Cross Stores, Inc.

. . . .

That products liability (including broad form vendors clause) is insured by the Hartford Accident and Indemnity Company for a minimum single combined limit of $1,000,000.

In event of cancellation it is intended that ten (10) days' written notice thereof will be mailed to the address stated above by Becton, Dickinson and Company.

. . . .

cc. Hartford Group
    File

The opinion of the trial judge states that appellee never received a copy of this correspondence: "There [was] no evidence that Becton designated to Hartford that White Cross was to be afforded coverage under the policy of insurance ...." Slip op. at 10.

On February 12 and February 19, 1971, George Hook purchased from appellant some syringes manufactured by Becton. The syringes were used to administer insulin to Hook's son, Jeffrey, but because they were not calibrated, an overdose resulted. On February 1, 1973, Hook, on Jeffrey's behalf, filed suit against appellant seeking damages for the injuries inflicted by the overdose of insulin. The parties settled the case on January 20, 1975, for $900,-000.

On July 25, 1975, appellant filed suit against appellee seeking indemnity for "one half of the amount expended by way of settlement and one-half of the costs of defense—or whatever pro rata distribution may be appropriate upon a determination of the amount of coverage applicable from both plaintiff's [appellant's] insurer's policy and defendant's [appellee's] policy." R.R. at 7a. The trial judge directed a verdict in favor of appellee. Appellant's motions for judgment n.o.v. and for a new trial were denied, judgment was entered in favor of appellee, and this appeal was taken.

In denying appellant's motions, the lower court held that the language in the policy, "IT IS UNDERSTOOD AND AGREED THAT SUCH COVERAGE AS IS AFFORDED UNDER THIS ENDORSEMENT SHALL BE AT THE DESIGNATION OF THE NAMED INSURED," when given its "plain meaning," made it "clear that only those vendors of Becton's products made known to Hartford by Becton would be afforded coverage under the endorsement." Slip op. at 10. In support of this conclusion, the court reasoned that "[t]o hold otherwise would render the block printed portion of the endorsement meaningless." Slip op. at 10. But that isn't so: the clause doesn't say that Becton, as the named insured, must *make known to appellee*, the insurance company, the identity of a vendor. It says, rather, that coverage is afforded "at the *designation* of" Becton.

This language can be reasonably interpreted to limit coverage to such vendors as have been *selected* by Becton, so that the policy will not extend to unauthorized sales of Becton's product.

It isn't fair to the vendor to say, as the lower court in effect does say, "Even though you had every reason to believe you were covered when you received a letter from the insured saying you were, with a carbon copy to the insurance company, you weren't, because, through some fluke, the insurance company didn't receive the carbon copy." Nor do we see any commercial justification for such a result. Apparently the lower court believed that no coverage was afforded unless appellee as the insurance company consented to each designation by Becton as the insured. But given that the insured is paying premiums, the insurance company should not be able to say, "We'll accept your premiums, but we retain the option to refuse to cover the vendors you designate."

Because the lower court erred in concluding that appellant was excluded from coverage by the designation provision, it should not have directed a verdict in favor of appellee. The judgment will therefore be vacated and the case remanded for a new trial.

So ordered.